BRUNSWICK CONSTRUCTION CO., INC.

*vs.*

GEORGE LEONARD ET AL.

Cumberland.   Opinion, January 25, 1954.

*Basil A. Latty*, for plaintiff.

*Harold J. Rubin*, for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, JJ. TIRRELL AND WEBBER, JJ., did not sit.

THAXTER, J.   This is an action brought against the defendants jointly. There are two counts, one for the conversion of a motor truck belonging to the plaintiff which it is alleged that the defendants took without authority or permission of the plaintiff; the second count is in case alleging that they drove the truck to Edgecomb, in the State of Maine, where they carelessly drove it off the road whereby it was seriously damaged. They were alleged to be intoxicated. There are two crimes imputed here by the pleadings; one, taking a motor vehicle without the consent of the

owner; and the second, driving under the influence of liquor. The defendants pleaded the general issue. There was evidence that the defendants were intoxicated, but who was driving the vehicle, or who actually took it, or whether the intoxication of the driver had anything to do with the accident, does not appear. The defendants rested without putting in any defense.

The plaintiff put Baker on the stand and asked him certain questions which, if answered, might have elicited the necessary information as to liability. The witness refused to answer on the ground that the answers might tend to incriminate him. He was sustained in such refusal by the presiding justice, who explained to him what his rights were under both the state constitution, Article I, Sec. 6, and under the Fifth Amendment of the Constitution of the United States, both of which are to the effect that a witness is protected from giving evidence against himself.

The Fifth Amendment to the Constitution of the United States has been liberally construed by the United States Supreme Court in the case of *Counselman* v. *Hitchcock,* 142 U. S. 547, 585, 35 L. ed. 1122, as follows:

> "It is a reasonable construction, we think, of the constitutional provision, that the witness is protected 'from being compelled to disclose circumstances of his offense, the sources from which, or the means by which, evidence of its commission, or of his connection with it, may be obtained, or made effectual for his conviction without using his answers as direct admissions against him'."

We need cite only the language of our own court in the case of *Gendron* v. *Burnham,* 146 Me. 387, 407, to show how broad the privilege against self incrimination is:

> "An examination of the questions and the background against which they were asked and a consideration of the nature of the inquiry before the grand jury makes it apparent that nearly all,

> if not all, of the questions which the prisoner re-
> fused to answer could have been self incrimina-
> tory, within the rule set forth in *Counselman* v.
> *Hitchcock, supra,* and that in all probability most
> of the answers, if truly given, would have been of
> that nature."

From this language, construing both the Fifth Amend-
ment to the Constitution of the United States and our own
constitution, it is apparent that the privilege against self in-
crimination not only applies to a case where a witness is
directly charged with a crime but to a case where he may
be asked to disclose the circumstances of an offense, the
sources from which, or the means by which evidence of its
commission or of his connection with it may be obtained
"without using his answers as direct admissions against
him."

Using such interpretation of the privilege against self
incrimination, it hardly needs to be argued that the priv-
ilege against it applies to the answers which were sought
to be elicited from the questions asked of the witness Baker
in this case.

He was asked to disclose where he was, and his answer
to such inquiry might well have been the basis for the dis-
closure of what he was doing, even to giving information
of whether he was driving the truck, which may have been
in itself under the circumstances of this case a criminal
offense either in taking the truck without permission, or of
driving it while under the influence of liquor.

The ruling of the sitting justice excluding such evidence
on the ground of privilege was undoubtedly correct. With-
out such evidence there was no case whatever against either
one of the defendants here. The substance of the case
against either one of them is not present. We can con-
jecture that they took the truck and drove it; but conjecture
is not enough, as we many times have said. That is all that
there is to this case.

The ruling of the presiding justice in excluding the questions to the witness Baker, in denying the plaintiff's motion for a directed verdict against the defendants, and in granting a motion for a directed verdict in favor of the defendants, were all correct.

*Exceptions overruled.*