STATE OF MAINE
*vs.*
GRAYDON W. MCBURNIE, APT.

Aroostook.   Opinion, February 9, 1955.

*Melvin E. Anderson,* for State.

*Albert M. Stevens,*
*James A. Bishop,* for respondent.

SITTING: TIRRELL, WEBBER, WILLIAMSON, BELIVEAU, TAP-
LEY, JJ., THAXTER, A. R. J. FELLOWS, C. J., did not sit.

THAXTER, A. R. J.   The respondent was charged in a complaint brought before the Caribou Municipal Court within and for the County of Aroostook on the 16th day of October, 1953, with the offense of night hunting. He pleaded not guilty; was found guilty; and a minimum sentence was imposed from which he appealed to the Superior Court in said County of Aroostook.

He was tried before a jury at the November Term 1953 of the Superior Court, which jury returned a verdict of guilty; and the case is now before the Law Court on exceptions by the respondent to the denial of his motion for a directed verdict of not guilty, to the exclusion by the presiding justice of certain testimony, and to the refusal of the presiding justice to strike certain testimony from the record.

Mr. Levasseur, the Fish and Game Warden, testified as follows: that on the night of October 14, 1953, at about 5 minutes of nine in the evening, while he was on duty in what is known as the Dunntown Road area in the Town of Wade, he saw lights flashing, thought he heard a deer blowing, heard voices of people but could not determine any of the conversation; that he got out of his car and chased two men and fired some shots; that one of the men also fired shots; that he caught the respondent who was lying on the ground when the shooting started, found that he had no gun, light or shells on his person, and inquired of him who the other man was and the respondent replied that he did not know.

The respondent did not testify.

From the record it does not appear to us that the State, except for proving that the respondent was in the area at the time the crime was committed, has produced evidence of the respondent's participation in the crime of night hunting. We can merely conjecture that the respondent may have been night hunting, but our conclusion would be only conjecture. As we said in the case of *Brunswick Construction Co., Inc.* v. *George Leonard, et al.,* 149 Me. 426, 428, "conjecture is not enough."

On this basis, a directed verdict should have been granted. Therefore it is unnecessary for us to consider the other exceptions in this case.

*Exceptions sustained.*